[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11026
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-20840-JEM-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

DOMINGO ANTONIO BATISTA FLORIAN,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Domingo Batista Florian appeals his sentence of imprisonment for 30

months and convictions for making a false statement in his application for a

passport, 18 U.S.C. § 1542, falsely representing himself to be a citizen of the United States, id. § 911, and aggravated identity theft, id. § 1028A(a)(1). Batista Florian challenges the admission of evidence of a prior conviction and the procedural reasonableness of his sentence. We affirm.

Batista Florian argues that evidence of his prior conviction for impersonating a citizen of the United States was inadmissible under Federal Rule of Evidence 404(b), but we disagree. Batista Florian was charged with stealing the identity of Jose Ramon Colon Rios and using Rios's identity documents to apply for a passport. At trial, the government read to the jury a stipulation that Batista Florian had been convicted for falsely impersonating Kelvin Jose Perez-Perez after paying $5000 to acquire Perez-Perez's birth certificate and using it to obtain an identity card from the State of California. That Batista Florian had acted similarly on another occasion by purchasing and using identity documents that he knew belonged to a real person is relevant both to his knowledge that Rios's identity was authentic and to his intent to misrepresent himself as Rios. See Fed. R. Evid. 404(b); United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005). The district court instructed the jury on three occasions that the evidence could be used only to determine whether Batista Florian "had the state of mind or intent necessary to commit the crime charged in the indictment or [he] acted according to

2

a plan or in preparation for commission of a crime." See United States v. McNair, 605 F.3d 1152, 1204–05 (11th Cir. 2010). The district court did not abuse its discretion by admitting evidence of Batista Florian's prior conviction.

Batista Florian also argues that his sentence is procedurally unreasonable because he should have received credit for the time he spent in the custody of Immigration and Customs Enforcement officials, but this argument fails. "Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). Batista Florian argues that the district court concluded that it lacked authority to consider his prior custody in fashioning a reasonable sentence, but the district court discussed the matter with the parties and then denied Batista Florian's request for a downward variance to 25 months of imprisonment. See 18 U.S.C. § 3553(a). The district court did not commit a procedural error in sentencing Batista Florian.

We **AFFIRM** Batista Florian's convictions and sentence.